Filed 8/26/13  P. v. Howard CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072183 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F02682) |
| v. | |
| ELISHA AKIM HOWARD, | |
| Defendant and Appellant. | |

A jury found defendant Elisha Akim Howard guilty of carjacking Tuan Nguyen (Pen. Code,[1] § 215, subd. (a); count three), carjacking Michael Nguyen (count four), second degree robbery of Tuan Nguyen (§§ 211, 212.5, subd. (c); count five), second degree robbery of Michael Nguyen (count six), evading with wanton disregard for safety (Veh. Code, § 2800.2, subd. (a); counts seven & twelve), possession of a firearm by a convicted felon (§ 12021, subd. (a)(1); count nine), and unlawful driving of a motor

---

[1]  Further undesignated statutory references are to the Penal Code.

1

vehicle (Veh. Code, § 10851, subd. (a); counts eleven & thirteen).[2]  The jury found that a principal was armed with a firearm (§ 12022, subd. (a)(1)) in the commission of counts three through six.  The trial court sentenced defendant to prison for 36 years, eight months.

On appeal, defendant contends (1) his sentence on count five should have been stayed pursuant to section 654 or, in the alternative, run concurrent to count three; and (2) the trial court erroneously granted his motion for self-representation in violation of his federal constitutional right to counsel.  Disagreeing, we shall affirm.

### FACTS[3]

Prior to April 8, 2009, defendant had been driving a white car for a few days.  On that date, he picked up Larry Armstrong and went to a grocery store.  Defendant had a firearm.

Shortly after midnight on April 8, 2009, brothers Tuan and Michael Nguyen[4] drove a compact car to the grocery store.  Tuan saw the driver of the white car (defendant) speaking to a man who was outside the car.  Tuan drove his car to the front of the store where he purchased soda from a vending machine.  Before Tuan could return to the driver's seat, a man in a ski mask (evidently the man who had spoken with defendant) pointed a gun at Tuan and said, "Give me everything you got."  Tuan gave the man $20.

---

[2]  The trial court declared a mistrial on counts one and two (kidnapping and carjacking Juan Aguirre).  Counts eight and fourteen (receiving stolen property; § 496) were charged as alternatives to the unlawful driving offenses; the jury did not return verdicts on those counts.  Defendant was not charged in count ten.  The codefendants pled guilty to various charges prior to defendant's trial.  They are not parties to this appeal.

[3]  As defendant's fact-based contentions are limited to counts three and five, we limit our summary of facts accordingly.

[4]  Because they share the same last name, we refer to the Nguyen brothers by their first names.

The man with the ski mask again pointed the gun at Tuan's face but this time Tuan moved the gun aside. The man jumped into the driver's seat of the brothers' car, turned to Michael who was sleeping in the car, and ordered Michael to leave the car. Michael jumped out of the car and the masked man drove off in the brothers' car.

## DISCUSSION

### I

### *Sentencing*

Defendant contends his sentence on count five should have been stayed pursuant to section 654 because it was the same "physical act" as count three. In the alternative, defendant claims the trial court abused its discretion by imposing a consecutive sentence on count five.

A. *Section 654*

The trial court sentenced defendant on count three (carjacking Tuan) to prison for 19 years, consisting of twice the upper term of nine years plus one year for the arming enhancement. The court sentenced defendant on count five (second degree robbery of Tuan) to a consecutive term of two years four months. The court gave its reason for the sentence as follows: "So I am going to be imposing the term recommended by probation. I believe all of the crimes, with the exception of one that I'm staying, and that is Number Six, had separate objectives and separate victims and were independent of each other. There was [*sic*] separate acts of violence against separate victims. And the ones that I'm imposing consecutive sentences for were committed at different times or separate places, so they don't indicate a single period of aberrant behavior."

Section 654, subdivision (a) provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

3

"'Since its origin in 1872, the Penal Code has prohibited multiple punishment for a single "act or omission." (§ 654.) Although our interpretation of that provision has varied somewhat over the years, we have consistently held that it bars imposing [multiple] sentences for a single act or omission, even though the act or omission may violate more than one provision of the Penal Code. [Citation.] Since 1962 we have interpreted section 654 to allow multiple convictions arising out of a single act or omission, but to bar multiple punishment for those convictions. [Citations.] . . . [E]xecution of the sentence for one of the offenses must be stayed.' [Citations.]" (*People v. Mesa* (2012) 54 Cal.4th 191, 195 (*Mesa*); see also *People v. Jones* (2012) 54 Cal.4th 350, 358.)

Whether multiple convictions are based upon a single act is determined by examining the facts of the case. (*Mesa, supra*, 54 Cal.4th at p. 196.) We review the trial court's findings "in the light most favorable to the judgment and presume in favor of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence." (*People v. Carpenter* (1997) 15 Cal.4th 312, 387.)

Substantial evidence supports the trial court's finding that counts three and five were "separate acts of violence" for purposes of section 654. Tuan described the count five robbery in this exchange:

"Q [BY THE PROSECUTOR] Describe -- when you say you got gun pointed, describe exactly what you saw when you turn to go back to your vehicle?

"A I just saw that gun. Person with a ski mask on, and the only word that came out of his mouth, he say, Give me everything you got.

"Q What happened then?

"A Basically, I gave him everything I got.

"Q What did you have?

"A Money. That's about it.

"Q How much approximately?

4

"A  Around $20.

"Q  You gave him that?

"A  I gave him that, and after that, he pointed the gun at me.  I swing the gun off from his hand.  Well, it was right in front of my face, so I moved it aside."

This exchange makes plain that Tuan understood the perpetrator's demand for "everything you got" as a demand for the money on his person, not for the car he had been driving and in which his brother was sleeping.  That demand came later, and the codefendant demanded the car not from Tuan but from his brother, whom he awakened and forced out of the vehicle.

Tuan's understanding and his resulting actions distinguish the present case from *People v. Dominguez* (1995) 38 Cal.App.4th 410 (*Dominguez*), on which defendant relies.  In *Dominguez*, a carjacking and robbery were held to constitute "'the same act'" because, when the defendant "placed the cold metallic object to the back of the victim's neck and demanded 'everything he had . . .'" --  the victim simultaneously "handed over his jewelry and van by handing over the jewelry and fleeing the van." (*Id*. at pp. 419-420.)  Here, Tuan did not respond to the *robbery* demand by surrendering his *car*.  Instead, the carjacking occurred when the codefendant jumped into the car, ordered *Michael* to leave the car, and then drove off in the car.  Tuan's involvement in the carjacking appears to have been limited to witnessing his car stolen.  Further, for reasons we have described *ante*, here the evidence showed the robber's initial demand for Tuan's money and later demand for the car were *not* incident to one intent and objective.  (See *Neal v. State of California* (1960) 55 Cal.2d 11, 19.).  The trial court did not err.

B.  *Consecutive Sentencing*

"'[A] trial court has discretion to determine whether several sentences are to run concurrently or consecutively.  [Citations.]  In the absence of a clear showing of abuse, the trial court's discretion in this respect is not to be disturbed on appeal.  [Citation.] Discretion is abused when the court exceeds the bounds of reason, all of the

5

circumstances being considered.' [Citation.] [¶] The criteria applicable to the trial court's discretion are set forth in California Rules of Court, rule 4.425[(a)], which states that in imposing consecutive sentences a trial court may consider: (1) whether the 'crimes and their objectives were predominantly independent of each other'; (2) whether the 'crimes involved separate acts of violence or threats of violence'; and (3) whether the 'crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.' [Citation.] However, these criteria are not exclusive. [California Rules of Court,] Rule 4.408(a) states: 'The enumeration in these rules of some criteria for the making of discretionary sentencing decisions does not prohibit the application of additional criteria reasonably related to the decision being made. Any such additional criteria must be stated on the record by the sentencing judge.'" (*People v. Caesar* (2008) 167 Cal.App.4th 1050, 1059-1060 (*Caesar*), disapproved on other grounds in *People v. Superior Court (Sparks)* (2010) 48 Cal.4th 1, 18 .)

The trial court found that counts three and five, among other counts, "had separate objectives and separate victims and were independent of each other," and were "committed at different times or separate places, so they don't indicate a single period of aberrant behavior." But the evidence showed that these two counts involved the same victim and occurred at the same time and place.

Nevertheless, the evidence supports the trial court's finding that these two counts involved separate objectives. There was substantial evidence that the objective of the robbery was to steal Tuan's money, and the objective of the carjacking was to steal the car. The existence of independent objectives is sufficient to support a consecutive term. (Cal. Rules of Court, rule 4.425(a)(1); *Caesar, supra,* 167 Cal.App.4th at pp. 1059-1060.) It is not reasonably probable that the trial court would have imposed a concurrent term, notwithstanding the separate intents, had it recalled that Tuan was the victim of

6

both counts and that they occurred at essentially the same time and place. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

II

*Self-Representation*

Defendant contends the judgment should be reversed because the trial court erroneously granted his motion for self-representation in violation of his right to counsel under the Sixth and Fourteenth Amendments. He concedes that this court is bound by United States Supreme Court precedent and that the trial court had no discretion but to allow defendant to represent himself. However, defendant raises the contention that *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] should be overturned by its authors in order to preserve his ability to petition for certiorari. Pending further action by the high court, we remain bound by its authority and conclude the trial court did not err in allowing defendant to represent himself.

**DISPOSITION**

The judgment is affirmed.

DUARTE , J.

We concur:

MAURO , Acting P. J.


MURRAY , J.


7